**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT F. SMITH,

    Petitioner,

v.                              Case No. 2:11-cv-14468

DEBRA SCUTT,

    Respondent.
                                            /

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE**
**PETITION FOR WRIT OF HABEAS CORPUS AND**
**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Robert F. Smith, presently incarcerated at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). In his *pro se* application, Petitioner challenges his conviction for first-degree criminal sexual conduct. *See* Mich. Comp. Laws § 750.520b(1)(a). For the reasons stated below, the petition for writ of habeas corpus will be dismissed without prejudice**.**

## I. BACKGROUND

On February 12, 2009, Petitioner was convicted of two counts of first-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to concurrent terms of twenty-five-to-fifty years in prison for each count. The Michigan Court of Appeals affirmed Petitioner's conviction on May 18, 2010. *People v. Smith,* No. 290866, 2010 WL 1986575 (Mich. Ct. App. May 18, 2010)

1

(per curiam). On May 10, 2011, the Michigan Supreme Court rejected petitioner's application for leave to appeal as untimely.[1] Petitioner now seeks a writ of habeas corpus in this court.

## II. DISCUSSION

**A.     Petition for Writ of Habeas Corpus**

In his petition, Petitioner asserts he is entitled to habeas relief because the criminal complaint filed against him in the Wayne County Circuit Court did not allege sufficient probable cause for his arrest and prosecution. The court need not reach the merits of Petitioner's claims, however, because he has not presented them to the Michigan courts. For that reason, the petition must be dismissed without prejudice due to Petitioner's failure to exhaust state-court remedies, as required by 28 U.S.C. § 2254.[2]

Under § 2254, a federal court cannot grant an application for a writ of habeas

---

[1] The court ascertained the disposition of Petitioner's application for leave to appeal to the Michigan Supreme Court by consulting the docket for Petitioner's case via the Michigan Court of Appeals website—a source subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

[2] Petitioner styled his request for habeas relief as a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(c)(3)," rather than a petition brought under 28 U.S.C. § 2254. Theoretically, § 2241 "provides a general grant of habeas jurisdiction and would, on its own, be more friendly to a habeas petitioner" than § 2254, which is subject to "the procedural hurdles of the Antiterrorism and Effective Death Penalty Act" ("AEDPA"). *Rittenberry v. Morgan,* 468 F.3d 331, 333 (6th Cir. 2006). However, the Sixth Circuit has rejected the idea that persons convicted by a state court and held in state custody can skirt AEDPA's requirements by filing their habeas petitions under § 2241. *See Greene v. Tenn. Dep't of Corr.,* 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)). Rather, "*all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to AEDPA's restrictions," regardless of the manner in which an individual styles his petition. *Id.* at 337. Therefore, all of AEDPA's strictures—including its exhaustion requirement—apply to Petitioner's habeas application.

corpus to a person held in custody on a state-court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "To be properly exhausted, each claim must have been 'fairly presented' to the state courts," *Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009) (citing *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003)), that is, "the state courts [must] be given the opportunity to see both the factual and legal basis for each claim," *id.* at 414-15 (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003) and *Frazier*, 343 F.3d at 797). In the words of the statute, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("The exhaustion doctrine . . . turns on an inquiry into what procedures are "available" under state law."). Although exhaustion is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *Wagner,* 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). A federal district court must dismiss "a habeas petition containing claims that the petitioner has a right to raise in state court, but failed to do so." *Welch v. Burke,* 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

The instant petition is subject to dismissal because Petitioner has neither demonstrated that he has "fairly presented" his claims to the Michigan courts. A review of the Michigan Court of Appeals' opinion indicates that Petitioner only raised an unrelated Eighth Amendment challenge to his sentence on his appeal of right. *See*

*People v. Smith,* No. 290866, 2010 WL 1986575 (Mich. Ct. App. May 18, 2010) (per curiam). Furthermore, Petitioner has an available state court remedy with which to exhaust his claims: he could raise them in a post-conviction motion for relief from judgment in the Wayne County Circuit Court. *See* M.C.R. 6.502; *Wagner*, 581 F.3d at 419; *Nasr v. Stegall*, 978 F. Supp. 714, 719 (E.D. Mich. 1997). Because Petitioner neither raised the instant claims on direct appeal nor brought them before the trial court in a motion for relief from judgment, he has failed to exhaust his state court remedies. Accordingly, the proper course of action is for the court to dismiss the petition for writ of habeas corpus without prejudice.

**B.     Certificate of Appealability**

The court will dismiss Petitioner's application for a writ of habeas corpus without prejudice, on the procedural ground of lack of exhaustion. Before Petitioner can appeal this decision, he must obtain a certificate of appealability based upon a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. § 2254 Cases 11(a).

When a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* As Petitioner's failure to exhaust his state court remedies poses "a plain procedural bar" to his habeas claims, the court will not issue a certificate of appelability.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's petition for writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 26, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 26, 2011, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522